# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PARRIS BRADY,**
      Plaintiff,

v.                      Case No. 12-C-0379

**GGNSC ADMINISTRATIVE SERVICES, LLC,**
      Defendant.

## DECISION AND ORDER

On April 25, 2012, Parris Brady commenced this action, in which he alleges that his former employer, GGNSC Administrative Services, LLC ("GGNSC"), discriminated against him on the basis of race and retaliated against him for complaining about discrimination. On May 16, 2012, GGNSC, through its counsel, Lira Johnson, waived service of the summons. Because the plaintiff sent the request to waive service of the summons to GGNSC on April 26, 2012, GGNSC's response to the complaint was due on June 25, 2012, sixty days after the waiver was sent. See Fed. R. Civ. P. 4(d)(3). However, Attorney Johnson calendared the date for responding to the complaint as July 16, 2012, sixty days from the date on which she agreed to waive service.

On June 27, 2012, the plaintiff filed a motion asking the Clerk to enter GGNSC's default. Attorney Johnson received notice of that motion on June 29, 2012. She immediately reviewed her files, discovered the calendaring error, and called plaintiff's counsel and left a voice mail asking him to withdraw his request for default. In the meantime, the Clerk entered GGNSC's default. When Johnson saw this, she immediately filed a motion to set aside the Clerk's entry of default pursuant to Federal Rule of Civil

Procedure 55(c). On the same day, she also filed GGNSC's answer to the complaint. Plaintiff opposes the motion to set aside the default and has filed a separate motion for a default judgment.

A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. Cracco v. Vitran Express, Inc., 559 F.3d 625, 630 (7th Cir. 2009). GGNSC has made this showing. Inadvertence constitutes good cause for setting aside an entry of default, see id. at 631, and it is clear that GGNCS's default was the result of Attorney Johnson's inadvertence in calendaring the due date for responding to the complaint as sixty days from the date of waiving service rather than sixty days from the date that the request to waive service was sent. Further, Johnson took quick action to correct her mistake, as the plaintiff concedes. Finally, it is clear that GGNSC has meritorious defenses to the complaint, including that the plaintiff filed his complaint more than 90 days after the EEOC sent him notice of his right to sue and that the plaintiff has sued the wrong defendant. Accordingly, GGNSC's motion to set aside the default will be granted and the plaintiff's motion for a default judgment will be denied.

**THEREFORE, IT IS ORDERED** that GGNSC's motion to set aside the Clerk's entry of default is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for default judgment is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of September 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge